KEKER & VAN NEST LLP
BRIAN L. FERRALL - #160847
R. ADAM LAURIDSEN - #243780
633 Battery Street
San Francisco, CA  94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188
E-mail: bferrall@kvn.com
       alauridsen@kvn.com

Attorneys for Defendant
ELECTRONIC ARTS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN ANTONICK, an Illinois Citizen,<br><br>Plaintiff,<br><br>   v.<br><br>ELECTRONIC ARTS INC., a California corporation,<br><br>Defendant. | Case No. 3:11-CV-01543-CRB<br><br>**ANSWER TO COMPLAINT**<br><br><br>Judge:           Hon. Charles R. Breyer<br>Date Comp. Filed:  March 30, 2010<br>Trial Date:        Not Assigned |

Pursuant to Fed. R. Civ. P. 7 and 8, Defendant Electronic Arts Inc. ("EA"), by and through its undersigned counsel, responds to the allegations of Plaintiff Antonick's Complaint, and states the following. EA denies all factual allegations set forth in the Complaint unless expressly admitted. Any admission herein is limited to the express language of the response, and shall not be deemed an implied admission of additional facts. EA need not admit or deny legal conclusions or arguments; however, EA affirmatively denies that it has violated any applicable federal or state law and asserts that Antonick should be denied all relief he requests.

## ANSWER

## I.   INTRODUCTION

1.     EA admits that Antonick coded the Commodore 64, MS DOS and Apple II versions of EA's *John Madden Football* video game. EA lacks knowledge or information sufficient to form a belief as to the truth of the purported technical functionality of Antonick's alleged work, and accordingly denies all such allegations. EA denies the remaining allegations contained in this paragraph.

2.     EA admits that EA and Antonick entered into a series of development contracts, that Antonick coded the Commodore 64, MS Dos and Apple II versions of EA's *John Madden Football* video game, that Antonick is listed in the credits of those versions of *John Madden Football*, and that the Apple II version of *John Madden Football* was released in 1988. The remainder of this paragraph consists of legal conclusions to which no responsive pleading is required. To the extent that any answer may be appropriate, EA denies the remaining allegations contained in this paragraph.

3.     EA denies these allegations insofar as they pertain to EA. EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief. EA otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly denies all such allegations.

4.     EA admits that Antonick purports to bring this action to recover royalty payments. The remainder of this paragraph consists of legal conclusions to which no responsive pleading is required. To the extent any answer may be appropriate, EA denies the remaining

1   allegations in this paragraph.  EA specifically denies that it breached any contract with Antonick,

2   defrauded Antonick or that Antonick is entitled to any relief.

3        5.     This paragraph consists of legal conclusions to which no responsive pleading is

4   required.  To the extent any answer may be appropriate, EA denies the remaining allegations in

5   this paragraph.  EA specifically denies that it breached any contract with Antonick, defrauded

6   Antonick or that Antonick is entitled to any relief.

7   <center>**II.**     **PARTIES**</center>

8        6.     EA lacks knowledge or information sufficient to form a belief as to the truth of

9   the allegations contained in this paragraph and accordingly denies all such allegations.

10       7.     EA admits the allegations contained in this paragraph.

11       8.     EA admits that as of 2010, it had sold more than 85 million copies of *Madden*

12  video games.  EA denies the remaining allegations contained in this paragraph.

13  <center>**III.**     **JURISDICTION AND VENUE**</center>

14       9.     This paragraph consists of legal conclusions to which no responsive pleading is

15  required.  To the extent that any answer may be appropriate, EA denies the allegations contained

16  in this paragraph.

17       10.     EA admits that its principal place of business is in Redwood City, California and

18  that the contract executed by Antonick in 1986 states that the agreement "will be deemed entered

19  into in San Mateo County, California."  The remainder of this paragraph consists of legal

20  conclusions to which no responsive pleading is required.  To the extent this paragraph contains

21  any additional factual allegations, they are denied.

22       11.     EA admits that its principal place of business is in Redwood City, California and

23  that the contract executed by Antonick in 1986 states that the agreement "will be deemed entered

24  into in San Mateo County, California."  The remainder of this paragraph consists of legal

25  conclusions to which no responsive pleading is required.  To the extent this paragraph contains

26  any additional factual allegations, they are denied.

27       12.     EA admits that its principal place of business is in Redwood City, California.  The

28  remainder of this paragraph consists of legal conclusions to which no responsive pleading is

<center>2</center>

582298.02

1   required.  To the extent this paragraph contains any additional factual allegations, they are

2   denied.

3                                  **IV.    BACKGROUND**

4   **A.    Antonick's Initial Collaboration with Electronic Arts**

5          13.    EA admits that NFL football games feature eleven players from each team on the

6   field at any given time.  EA otherwise lacks knowledge or information sufficient to form a belief

7   as to the truth of the allegations contained in this paragraph and accordingly denies all such

8   allegations.

9          14.    EA lacks knowledge or information sufficient to form a belief as to the truth of

10   the allegations contained in this paragraph and accordingly denies all such allegations.

11         15.    EA denies these allegations insofar as they pertain to EA.  EA otherwise lacks

12   knowledge or information sufficient to form a belief as to the truth of the allegations contained in

13   this paragraph, including allegations regarding the actions of others and the purported technical

14   functionality of Antonick's alleged work, and accordingly denies all such allegations.

15         16.    EA admits that EA and Antonick entered into a development and publishing

16   agreement, made as of April 6, 1983, and that these allegations quote from portions of that

17   agreement.  EA denies the remainder of the allegations contained in this paragraph.

18         17.    EA admits that Section V of the development and publishing agreement between

19   EA and Antonick, made as of April 6, 1983, included "compensation percentages" of 15% of Net

20   Receipts from sales of the original work and 5% of Net Receipts from sales of derivative works

21   by the publisher.  EA denies the remainder of the allegations contained in this paragraph.

22         18.    EA admits that Antonick undertook development work pursuant to the

23   development and publishing agreement between EA and Antonick, made as of April 6, 1983, and

24   that EA and Antonick entered into subsequent development and publishing agreements between

25   1983 and 1986.  EA denies the remainder of the allegations contained in this paragraph.

26         19.    EA admits that it entered into a contract with John Madden related to EA's

27   development of a football video game.  EA lacks knowledge or information sufficient to form a

28   belief as to the purported technical functionality of Antonick's alleged work and accordingly

1    denies all such allegations.

2         20.    EA specifically denies that only Antonick possessed the programming and

3    football skills to successfully program the game *John Madden Football* and that Antonick's

4    coding was extraordinarily valuable intellectual property.  EA otherwise lacks knowledge or

5    information sufficient to form a belief as to the purported technical functionality of Antonick's

6    alleged work and accordingly denies all such allegations.

7         21.    EA denies the allegations contained in this paragraph.

8    **B.    The 1986 Contract**

9         22.    EA admits that EA and Antonick executed a development and publishing

10   agreement in 1986 and that the contract included "compensation percentages" of 7% of Net

11   Receipts from sales of the work and 1% of Net Receipts from sales of derivative works by the

12   publisher.  EA denies the remaining allegations insofar as they pertain to EA.  EA lacks

13   knowledge or information sufficient to form a belief as to the truth of the allegations regarding

14   the statements or state of mind of others, and on that basis denies such allegations.

15        23.    EA admits that the development and publishing agreement executed in 1986

16   defined the terms Derivative Work and Remote Derivative Work, and that these allegations

17   quote from portions of that agreement.  To the extent that this paragraph consists of legal

18   conclusions, no responsive pleading is required.  EA denies the remainder of the allegations

19   contained in this paragraph.

20        24.    EA admits that the development and publishing agreement executed in 1986

21   contains the defined term Remote Derivative Work, and that these allegations quote from

22   portions of that agreement.  The remainder of this paragraph consists of legal conclusions to

23   which no responsive pleading is required.  To the extent that any answer may be appropriate, EA

24   denies the remaining allegations contained in this paragraph.

25        25.    EA denies these allegations insofar as they pertain to EA.  To the extent that this

26   paragraph consists of legal conclusions, no responsive pleading is required.  EA lacks knowledge

27   or information sufficient to form a belief as to the truth of the allegations regarding the

28   statements or state of mind of others, and on that basis denies such allegations.

4

26.     EA admits that in 1986 EA and Antonick executed a development and publishing agreement, and that the allegations in this paragraph quote from portions of that agreement.  The remainder of this paragraph consists of legal conclusions to which no responsive pleading is required.

27.     EA admits the allegations contained in this paragraph.

28.     EA denies the allegations contained in this paragraph.

29.     EA denies the allegations contained in this paragraph.

30.     EA denies the allegations contained in this paragraph.

31.     EA denies the allegations contained in this paragraph.

**C.     The Sega Amendment**

32.     EA admits that at various times EA and Antonick entered into development and publishing agreements for work related to football simulations for the Commodore 64, Sega, PC and Nintendo platforms, and that a contract amendment between EA and Antonick executed in October 1989 contained a compensation rate of 3% of Net Receipts from sales for "Nintendo Derivative work" and "Sega Genesis Derivative Work."  EA denies the remainder of the allegations contained in this paragraph.

33.     This paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph.

**D.     Antonick's Intellectual Property Is the Foundation of the Madden Franchise**

34.     EA denies these allegations insofar as they pertain to EA.  Subject to further investigation, EA otherwise lacks knowledge or information sufficient to form a belief as to the truth of the purported technical functionality of Antonick's alleged work and accordingly denies all such allegations.

35.     EA denies these allegations insofar as they pertain to EA.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.  Subject to further investigation, EA otherwise lacks knowledge or information sufficient to form a belief as to the truth of the purported technical functionality of Antonick's

alleged work and accordingly denies all such allegations.

36.     EA denies these allegations insofar as they pertain to EA.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.  Subject to further investigation, EA otherwise lacks knowledge or information sufficient to form a belief as to the truth of the purported technical functionality of Antonick's alleged work and accordingly denies all such allegations.

37.     Subject to further investigation, EA lacks knowledge or information sufficient to form a belief as to the truth of the purported technical functionality of Antonick's alleged work and accordingly denies all such allegations.

38.     Subject to further investigation, EA lacks knowledge or information sufficient to form a belief as to the truth of the purported technical functionality of Antonick's alleged work and accordingly denies all such allegations.

39.     Subject to further investigation, EA lacks knowledge or information sufficient to form a belief as to the truth of the purported technical functionality of Antonick's alleged work and accordingly denies all such allegations.

40.     Subject to further investigation, EA lacks knowledge or information sufficient to form a belief as to the truth of the purported technical functionality of Antonick's alleged work and accordingly denies all such allegations.

41.     EA denies that Antonick's work provided the foundation for years of further development as the power of targeted machines increased.  Subject to further investigation, EA otherwise lacks knowledge or information sufficient to form a belief as to the truth of the purported technical functionality of Antonick's alleged work and accordingly denies all such allegations.

42.     Subject to further investigation, EA lacks knowledge or information sufficient to form a belief as to the truth of the purported technical functionality of Antonick's alleged work and accordingly denies all such allegations.

43.     Subject to further investigation, EA lacks knowledge or information sufficient to form a belief as to the truth of the purported technical functionality of Antonick's alleged work

and accordingly denies all such allegations.

44.     EA denies that Antonick shared demonstrations of this approach with EA. Subject to further investigation, EA otherwise lacks knowledge or information sufficient to form a belief as to the truth of the purported technical functionality of Antonick's alleged work and accordingly denies all such allegations.

45.     Subject to further investigation, EA lacks knowledge or information sufficient to form a belief as to the truth of the purported technical functionality of Antonick's alleged work and accordingly denies all such allegations.

46.     EA otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly denies all such allegations.

47.     EA denies the allegations contained in this paragraph.

48.     EA denies the allegations contained in this paragraph.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.  To the extent this paragraph consists of legal conclusions, no responsive pleading is required.

49.     EA denies these allegations insofar as they pertain to EA.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.

50.     EA denies these allegations insofar as they pertain to EA.  Subject to further investigation, EA otherwise lacks knowledge or information sufficient to form a belief as to the truth of the purported technical functionality of Antonick's alleged work and accordingly denies all such allegations.

51.     Subject to further investigation, EA lacks knowledge or information sufficient to form a belief as to the truth of the purported technical functionality of Antonick's alleged work and accordingly denies all such allegations.

52.     Subject to further investigation, EA lacks knowledge or information sufficient to form a belief as to the truth of the purported technical functionality of Antonick's alleged work and accordingly denies all such allegations.

7

582298.02

53.     EA denies the allegations contained in this paragraph.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.  To the extent this paragraph consists of legal conclusions, no responsive pleading is required.

54.     EA denies these allegations insofar as they pertain to EA.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.  Subject to further investigation, EA otherwise lacks knowledge or information sufficient to form a belief as to the truth of the purported technical functionality of Antonick's alleged work and accordingly denies all such allegations.

55.     EA denies the allegations contained in this paragraph.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.  To the extent this paragraph consists of legal conclusions, no responsive pleading is required.

56.     EA denies these allegations insofar as they pertain to EA.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.  Subject to further investigation, EA otherwise lacks knowledge or information sufficient to form a belief as to the truth of the purported technical functionality of Antonick's alleged work and accordingly denies all such allegations.

57.     EA denies the allegations contained in this paragraph.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.  To the extent this paragraph consists of legal conclusions, no responsive pleading is required.

58.     EA denies the allegations contained in this paragraph.

**E.      EA's Assurances That It Would Safeguard Antonick's Intellectual Property**

59.     EA admits that the allegations in this paragraph quote from portions of the development and publishing agreements between EA and Antonick.  This paragraph otherwise consists of legal conclusions to which no responsive pleading is required.  To the extent this paragraph contains any other factual allegations, they are denied.

8

582298.02

60.     EA admits that it did not violate the terms of the development and publishing agreements between EA and Antonick.  This paragraph otherwise consists of legal conclusions to which no responsive pleading is required.  To the extent this paragraph contains any other factual allegations, they are denied.

61.     EA denies the allegations contained in this paragraph.

62.     EA denies the allegations contained in this paragraph.

63.     EA denies the allegations contained in this paragraph.

64.     EA denies the allegations contained in this paragraph.

65.     EA denies the allegations contained in this paragraph.

## V.     ELECTRONIC ARTS' FRAUDULENT FAILURE TO PAY ROYALTIES

66.     EA denies the allegations contained in this paragraph.

67.     EA denies the allegations contained in this paragraph.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.  To the extent this paragraph consists of legal conclusions, no responsive pleading is required.

68.     EA admits that it hired Park Place Productions to develop a football simulation video game for the Sega Genesis platform, and that this game was released as *John Madden Football* for the Sega Genesis.  EA denies the remaining allegations in this paragraph, except to the extent they consist of legal conclusions to which no responsive pleading is required.

69.     Subject to further investigation, EA otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly denies all such allegations.

70.     EA admits that Park Place developed *John Madden Football* for the Sega Genesis without any reference to or use of Antonick's copyright-protectable expression.  EA denies the remaining allegations insofar as they pertain to EA.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.  Subject to further investigation, EA otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly denies all such

582298.02

allegations.

71.     EA admits that it provided Antonick with a declaration from Richard Hilleman, and that the allegations contained in this paragraph quote from portions of that declaration.  EA denies all other allegations contained in this paragraph insofar as they pertain to EA.  EA otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly denies all such allegations.

72.     EA admits that Richard Hilleman remains at Electronic Arts as its Chief Creative Officer.  EA denies the remaining allegations in this paragraph.

73.     EA denies the allegations in this paragraph insofar as they pertain to EA.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.  Subject to further investigation, EA otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly denies all such allegations.

74.     EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements of others, and on that basis denies such allegations.  EA otherwise denies the remaining allegations in this paragraph.

75.     EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements or knowledge of others, and on that basis denies such allegations.  EA otherwise denies the remaining allegations in this paragraph.

76.     EA admits that Jim Simmons made the quoted statement under oath as alleged, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and accordingly denies all such allegations.

77.     EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements or knowledge of others, and on that basis denies such allegations.  EA otherwise denies the remaining allegations in this paragraph.

78.     EA admits that EA and Antonick executed an amendment entitled "Termination Agreement" in June and July of 1991.  EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements or state of mind of others, and on

that basis denies such allegations.  EA otherwise denies the remaining allegations in this paragraph.

79.     EA denies the allegations in this paragraph.

80.     EA admits that EA and Antonick executed an amendment entitled "Termination Agreement" in June and July of 1991, and that this paragraph quotes from portions of that agreement.  To the extent that this paragraph consists of legal conclusions, no responsive pleading is required.

81.     EA admits that EA and Antonick executed an amendment entitled "Termination Agreement" in June and July of 1991, and that this paragraph quotes from portions of that agreement.  To the extent this paragraph consists of legal conclusions, no responsive pleading is required.  EA denies the remaining factual allegations contained in this paragraph.

82.     To the extent this paragraph consists of legal conclusions, no responsive pleading is required.  EA denies the remaining factual allegations contained in this paragraph.

83.     EA admits that it did not place a copyright notice crediting Antonick on any version of Madden released after 1991.  EA otherwise denies the allegations contained in this paragraph.

84.     EA admits that it provided Antonick with royalty statements, and that EA did not owe him royalties on software released after 1991.  EA otherwise denies the allegations contained in this paragraph.

85.     EA admits the allegations contained in this paragraph.

**VI.     CONTINUING ROYALTY DOCTRINE AND THE TOLLING OF THE STATUTE OF LIMITATIONS**

86.     This paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph.

87.     This paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent that any answer may be appropriate, EA admits that Park Place developed *John Madden Football* for the Sega Genesis without any reference to or use of

Antonick's copyright-protectable expression and that EA did not violate the terms of the development and publishing agreements between EA and Antonick. EA denies all other allegations contained in this paragraph insofar as they pertain to EA. EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief. EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements or state of mind of others, and on that basis denies such allegations.

88.     This paragraph consists of legal conclusions to which no responsive pleading is required. To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph. EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.

89.     This paragraph consists of legal conclusions to which no responsive pleading is required. To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph. EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.

90.     This paragraph consists of legal conclusions to which no responsive pleading is required. To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph. EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.

91.     EA denies all other allegations contained in this paragraph insofar as they pertain to EA. EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief. EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements or state of mind of others, and on that basis denies such allegations.

92.     This paragraph consists of legal conclusions to which no responsive pleading is required. To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph. EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.

93.     This paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph.

94.     EA admits that Antonick contacted EA in 2009 and that EA and Antonick entered into a tolling agreement.  EA denies all other allegations contained in this paragraph insofar as they pertain to EA.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.  EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements or state of mind of others, and on that basis denies such allegations.

95.     EA admits that it exchanged source code with Antonick prior to the filing of this lawsuit, and that the parties were unable to resolve their dispute.  EA otherwise denies the allegations in this paragraph.

96.     EA admits that EA and Antonick agreed, subject to express exceptions, that the parties' pre-lawsuit source code analysis would remain confidential and would not be discussed by Antonick should he file a complaint.  EA otherwise denies the allegations in this paragraph.

97.     This paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph.

98.     EA admits the allegations contained in this paragraph.

**VII.     WIDESPREAD USE OF ANTONICK'S INTELLECTUAL PROPERTY**

99.     This paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph.

100.    This paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph.

101.    This paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent that any answer may be appropriate, EA denies the allegations contained

in this paragraph.

102.   This paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph.

103.   This paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph.

104.   EA admits that it provided Antonick with a declaration from Trip Hawkins, and that the allegations contained in this paragraph quote from portions of that declaration.  EA otherwise denies the allegations in this paragraph.  EA specifically denies that it had used Antonick's "engine" in its hockey game and that Trip Hawkins stated that EA had used Antonick's "engine" in its hockey game.

105.   This paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph.

106.   This paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph.

**VIII.   PATTERN OF INTELLECTUAL PROPERTY MISAPPROPRIATION**

107.   EA denies the allegations contained in this paragraph.

108.   EA denies the allegations contained in this paragraph.

109.   EA denies the allegations contained in this paragraph.

110.   EA denies the allegations contained in this paragraph.

111.   EA denies the allegations contained in this paragraph.

<div align="center">

**IX.   CAUSES OF ACTION**

**FIRST CAUSE OF ACTION (BREACH OF CONTRACT)**

</div>

112.   EA incorporates its responses to the allegations contained in the preceding paragraphs.

113.     This paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph.

114.     This paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph.

115.     This paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.

116.     This paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.

## SECOND CAUSE OF ACTION (FRAUD)

117.     EA incorporates its responses to the allegations contained in the preceding paragraphs.

118.     This paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph.

119.     This paragraph consists of legal conclusions to which no responsive pleading is required.  To the extent that any answer may be appropriate, EA denies the allegations contained in this paragraph.

    a)  EA admits that it did not violate the terms of the development and publishing agreements between EA and Antonick.  EA denies all other allegations contained in this paragraph insofar as they pertain to EA.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.  EA lacks knowledge or information

sufficient to form a belief as to the truth of the allegations regarding the statements or state of mind of others, and on that basis denies such allegations.

b)  EA admits that Park Place developed *John Madden Football* for the Sega Genesis without any reference to or use of Antonick's copyright-protectable expression.  EA denies all other allegations contained in this paragraph insofar as they pertain to EA.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.  EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements or state of mind of others, and on that basis denies such allegations.

c)  EA admits that EA and Antonick executed a Termination Amendment in 1991.  EA denies all other allegations contained in this paragraph insofar as they pertain to EA.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.  EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements or state of mind of others, and on that basis denies such allegations.

d)  EA denies all allegations contained in this paragraph insofar as they pertain to EA.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.  EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements or state of mind of others, and on that basis denies such allegations.

e)  EA denies all allegations contained in this paragraph insofar as they pertain to EA.  EA specifically denies that it breached any contract with Antonick, defrauded Antonick or that Antonick is entitled to any relief.  EA lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statements or state of mind of others, and on that

1    basis denies such allegations.

2       f)   EA denies all allegations contained in this paragraph insofar as they pertain to

3            EA.  EA specifically denies that it breached any contract with Antonick,

4            defrauded Antonick or that Antonick is entitled to any relief.  EA lacks

5            knowledge or information sufficient to form a belief as to the truth of the

6            allegations regarding the statements or state of mind of others, and on that

7            basis denies such allegations.

8       g)   EA admits that it provided Antonick with a declaration from Trip Hawkins,

9            and that the allegations contained in this paragraph quote from portions of that

10           declaration.  EA denies all other allegations contained in this paragraph

11           insofar as they pertain to EA.  EA specifically denies that it breached any

12           contract with Antonick, defrauded Antonick or that Antonick is entitled to any

13           relief.  EA lacks knowledge or information sufficient to form a belief as to the

14           truth of the allegations regarding the statements or state of mind of others, and

15           on that basis denies such allegations.

16      h)   EA admits that it provided Antonick with a declaration from Richard

17           Hilleman, and that the allegations contained in this paragraph quote from

18           portions of that declaration.  EA denies all other allegations contained in this

19           paragraph insofar as they pertain to EA.  EA specifically denies that it

20           breached any contract with Antonick, defrauded Antonick or that Antonick is

21           entitled to any relief.  EA lacks knowledge or information sufficient to form a

22           belief as to the truth of the allegations regarding the statements or state of

23           mind of others, and on that basis denies such allegations.

24   120.   This paragraph consists of legal conclusions to which no responsive pleading is

25   required.  To the extent that any answer may be appropriate, EA denies the allegations contained

26   in this paragraph.  EA specifically denies that it breached any contract with Antonick, defrauded

27   Antonick or that Antonick is entitled to any relief.

28   121.   This paragraph consists of legal conclusions to which no responsive pleading is

17

1  required.  To the extent that any answer may be appropriate, EA denies the allegations contained

2  in this paragraph.  EA specifically denies that it breached any contract with Antonick, defrauded

3  Antonick or that Antonick is entitled to any relief.

4      122.    This paragraph consists of legal conclusions to which no responsive pleading is

5  required.  To the extent that any answer may be appropriate, EA denies the allegations contained

6  in this paragraph.  EA specifically denies that it breached any contract with Antonick, defrauded

7  Antonick or that Antonick is entitled to any relief.

8      123.    This paragraph consists of legal conclusions to which no responsive pleading is

9  required.  To the extent that any answer may be appropriate, EA denies the allegations contained

10 in this paragraph.  EA specifically denies that it breached any contract with Antonick, defrauded

11 Antonick or that Antonick is entitled to any relief.

12                          **PRAYER FOR RELIEF**

13     This paragraph consists of legal conclusions to which no responsive pleading is required.

14 To the extent that any answer may be appropriate, EA denies the allegations contained in this

15 paragraph.  EA specifically denies that it breached any contract with Antonick, defrauded

16 Antonick or that Antonick is entitled to any relief.

17                     **X.    JURY TRIAL DEMANDED**

18     124.    This paragraph does not contain any allegations for EA to admit or deny.

19                    <u>**AFFIRMATIVE DEFENSES**</u>

20     EA expressly reserves the right to amend, withdraw, supplement, modify or plead

21 additional affirmative defenses and other defenses should such defenses be revealed by any

22 discovery in this case.  EA asserts the following defenses without assuming the burden of proof

23 as to any issue that would otherwise rest with Antonick.

24                      **First Affirmative Defense**

25                       **(Failure to State a Claim)**

26     Antonick's claims, and each purported cause of action contained therein, fail to state facts

27 sufficient to state a cause of action against EA on which relief may be granted.

28

582298.02

<div align="center">

**Second Affirmative Defense**

**(Statute of Limitations)**

</div>

Antonick's claims are barred, in whole or in part, by the statute of limitations.

<div align="center">

**Third Affirmative Defense**

**(Laches)**

</div>

Antonick's claims are barred, in whole or in part, by the doctrine of laches.

<div align="center">

**Fourth Affirmative Defense**

**(Unclean Hands)**

</div>

Antonick's claims are barred, in whole or in part, by the doctrine of unclean hands.

<div align="center">

**Fifth Affirmative Defense**

**(Speculative Damages)**

</div>

Antonick's claims are barred because any alleged damages, which EA generally and specifically denies, are speculative, and because of the impossibility of ascertaining and allocating these alleged damages.

<div align="center">

**Sixth Affirmative Defense**

**(Failure to Mitigate Damages)**

</div>

Antonick failed to reasonably mitigate his damages, if any.

<div align="center">

**Seventh Affirmative Defense**

**(Punitive Damages Invalid)**

</div>

Antonick's claims for punitive damages are invalid on their face and/or as applied to EA under applicable law.

<div align="center">

**Eighth Affirmative Defense**

**(Disgorgement Invalid)**

</div>

Antonick's claims for disgorgement are invalid on their face and/or as applied to EA under applicable law.

<div align="center">

**Ninth Affirmative Defense**

**(Public Policy)**

</div>

The relief demanded by Antonick would not further public interest, public policy, or

<div align="center">

19

</div>

1   equity.

2   **Tenth Affirmative Defense**

3   **(Estoppel)**

4   Antonick's claims are barred, in whole or in part, because Antonick is estopped from

5   bringing claims based on his actions.

6   **Eleventh Affirmative Defense**

7   **(Waiver)**

8   Plaintiff has waived any rights he may have to institute an action for the alleged

9   wrongdoings of which he complains.

10   **Twelfth Affirmative Defense**

11   **(Authorization/Acquiescence/Consent)**

12   Plaintiff has authorized, acquiesced to or consented to the alleged conduct of which he

13   complains.

14   <u>**PRAYER FOR RELIEF**</u>

15   WHEREFORE, EA prays as follows:

16   (a)   That the Complaint be dismissed with prejudice;

17   (b)   That EA be awarded the costs, expenses, and disbursements incurred by it in

18   defending this action;

19   (c)   That EA be awarded attorneys' fees incurred by it in defending this action;

20   (d)   That EA be awarded prejudgment interest, as appropriate; and,

21   (e)   For such further relief as this Court may deem just and proper.

22   Dated:  October 25, 2011                         KEKER & VAN NEST LLP

23

24

25   By:  /s/ Brian L. Ferrall
         BRIAN L. FERRALL

26       R. ADAM LAURIDSEN
         Attorneys for Defendant

27       ELECTRONIC ARTS INC.

28

20