THE PAYNTER LAW FIRM PLLC
Stuart M. Paynter (226147)
Jennifer L. Murray (*Pro Hac Vice*)
1200 G Street N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
Email: stuart@smplegal.com
jmurray@smplegal.com

HAGENS BERMAN SOBOL SHAPIRO LLP
Robert B. Carey (*Pro Hac Vice*)
Leonard W. Aragon (*Pro Hac Vice*)
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
leonard@hbsslaw.com

Attorneys for Plaintiff Robin Antonick

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ROBIN ANTONICK, an Illinois Citizen,

Plaintiff,

v.

ELECTRONIC ARTS INC., a California corporation,

Defendant.

Case No. 3:11-cv-01543-CRB (EDL)

**PLAINTIFF'S OPPOSITION TO ELECTRONIC ARTS' *EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR THE HEARING ON DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF SOURCE CODE CITATIONS FOR MICHAEL BARR'S RULE 26(a)(2)(B) REPORT**

Judge: Hon. Elizabeth D. Laporte

Date Complaint Filed: March 30, 2011
Trial Date: April 1, 2013

## I. INTRODUCTION

Pursuant to Civil Local Rule 6-3(b), Plaintiff opposes Electronic Arts' ("EA") *ex parte* application for an order to shorten time for a hearing on its motion to compel Plaintiff's expert to add citations to his report. Plaintiff opposes EA's application for three reasons: (1) EA's motion is meritless on its face because the "citations" EA requests are not technically available nor required by Rule 26; (2) EA has not complied with Civil Local Rule 37-1(a) because there has been no face to face or telephonic meet and confer; and (3) as Plaintiff's counsel explained to EA, EA's proposed schedule is unworkable.

## II. ARGUMENT

EA has filed the present motion insisting that it cannot respond to Plaintiff's expert report unless Plaintiff's expert provides EA with additional "citations" to source code and provides EA with certain expert work product that Mr. Barr created to expedite his analysis. Despite the fact that it has possessed Plaintiff's source code since **2009** and despite the fact that it has possessed the gist of Plaintiff's expert analysis since **April**, EA claims that its entirely frivolous motion must be heard on an expedited basis. For the reasons discussed below, EA's request is meritless and should be denied.

***First***, unlike EA's expert report, which contains no list of materials considered and fails to identify publications he has authored or cases in which he has testified, Plaintiff's expert report fully complies with Rule 26. 10/25/12 Declaration of Stuart M. Paynter ¶ 2 ("Paynter Decl."). After consulting with Mr. Barr, Plaintiff's counsel repeatedly tried to explain to EA's lawyers that their request for "citations" made no sense. Paynter Decl. ¶ 3. The fact is that EA's attorneys simply do not understand the technical issues in this case. As clearly disclosed in Plaintiff's report, Plaintiff's expert examined the electronic source code files provided by EA *not* print-outs of source code. There are no page numbers to which he can "cite". Paynter Decl. ¶ 3. To give a simple example, EA requests that Plaintiff give a "citation" to the subroutines identified in Table 11 of the Barr report. Identifying the subroutine by name *is* the citation. A simple text search for the subroutine will immediately locate it in the source code. If EA's lawyers do not understand Barr's

report, they should depose Plaintiff's expert – not harass Plaintiff with completely meritless motions.

Similarly meritless is EA's attempt to compel from Plaintiff scripts developed by Mr. Barr's company Netrino to assist him in his analysis. As Plaintiff's counsel informed EA, Plaintiff does not possess these scripts. Plaintiff's expert is a third party and if EA wants his internally developed technology, then it must serve a subpoena. *See* Ex. B to 10/24/12 Harriman Declaration in Support of Motion to Compel. After conferring with Mr. Barr on an expedited basis, Plaintiff's counsel received authorization to accept service of a subpoena to Mr. Barr. Paynter Decl. ¶ 4. EA never served the subpoena and instead moved to compel against Plaintiff. *Id.* Plaintiff cannot be forced to turn over scripts written by Mr. Barr's company Netrino just because EA's own expert is too incompetent or unmotivated to develop his own scripts. Mr. Barr reserves all rights to seek his fees and costs in opposing EA's attempts to evade the protections of Rule 45.

Because Electronic Arts' motion is meritless on its face, no expedition is necessary.

***Second***, EA's motion is a brazen and blatant violation of Local Rule 37-1(a). Local Rule 1.5(a) states that the requirement to meet and confer "can be satisfied only" by "a face to face meeting or in a telephone conversation." "The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to 'meet and confer' or to 'confer.'" As EA's counsel admits, she only sent a few emails to counsel. EA never requested an in person or telephonic meet and confer and an in person or telephonic meet and confer on the issues raised by EA's motion has never occurred. Paynter Decl. ¶ 5. Indeed, the motion requests additional "citations" that EA's counsel admit she simply never discussed with Plaintiff's counsel *even by email*. Instead she simply unilaterally determined that any meet and confer would be "futile." 10/24/12 Harriman Declaration in Support of Motion to Compel ¶ 5. EA's violation of the local rules is particularly egregious because EA's own expert report flagrantly fails to comply with Rule 26 in that it has no list of cases in which the expert has testified, no publications which he has authored, and has no appendix of materials relied upon.

***Third***, EA's proposed schedule is unworkable. Two major depositions in this matter are scheduled for October 30 and October 31. Paynter Decl. ¶¶ 6, 7. Pending the Court's approval of

the Parties' stipulation, Plaintiff's response to EA's latest summary judgment motion is due on November 2. *Id.* ¶ 8. Plaintiff cannot prepare a response by October 31. *See, id.* ¶¶ 6-8. Nor can Plaintiff attend telephonically or otherwise, a hearing on November 6. As Plaintiff's counsel expressly informed EA's counsel prior to the filing of this motion, they are participating in poll monitoring on behalf of the Obama campaign in North Carolina on November 6 and cannot attend any hearing. *Id.* ¶ 9. Nor is any adjustment to the schedule necessary. In the unlikely event that the Court grants EA's meritless motion, EA can simply file a supplemental expert report prior to the close of fact discovery on December 14—something that it has a right to do anyway.

## III. CONCLUSION

For the foregoing reasons, EA's application for an order shortening the time for a hearing on its motion to compel should be denied. In light of the confession of EA's in its own brief that its attorneys did not even attempt to comply with Local Rule 37-1, the Court should consider striking EA's filing *sua sponte*.

DATED: October 25, 2012

HAGENS BERMAN SOBOL SHAPIRO LLP

By /s/ Leonard W. Aragon
LEONARD W. ARAGON (*Pro Hac Vice*)

Robert B. Carey (*Pro Hac Vice*)
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
leonard@hbsslaw.com

Stuart M. Paynter (226147)
Jennifer L. Murray (*Pro Hac Vice*)
The Paynter Law Firm PLLC
1200 G Street N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
Email: stuart@smplegal.com
jmurray@smplegal.com

Shana E. Scarlett (217895)
Hagens Berman Sobol Shapiro LLP
715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: shanas@hbsslaw.com

Steve W. Berman (*Pro Hac Vice pending*)
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Attorneys for Plaintiff Robin Antonick