THE PAYNTER LAW FIRM PLLC
Stuart M. Paynter (226147)
Jennifer L. Murray (*Pro Hac Vice*)
Sara Willingham (*Pro Hac Vice*)
1200 G Street N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
Email: stuart@smplegal.com
       jmurray@smplegal.com
       swillingham@paynterlawfirm.com

HAGENS BERMAN SOBOL SHAPIRO LLP
Robert B. Carey (*Pro Hac Vice*)
Leonard W. Aragon (*Pro Hac Vice*)
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
       leonard@hbsslaw.com

Attorneys for Plaintiff Robin Antonick

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBIN ANTONICK, an Illinois Citizen,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONIC ARTS INC., a California corporation,<br><br>Defendant. | Case No. 3:11-CV-01543-CRB (EDL)<br><br>**PLAINTIFF'S OPPOSITION TO ELECTRONIC ARTS INC.'S ADMINISTRATIVE MOTION TO EXCEED PAGE LIMITATIONS**<br><br>Ctrm:     6, 17th Floor<br>Judge:    Hon. Charles R. Breyer<br><br>Date Compl. Filed:  March 30, 2011<br>Trial Date:              April 1, 2013 |

## I. INTRODUCTION

After filing **two** premature summary judgment motions prior to the end of discovery, Electronic Arts Inc. ("EA") now seeks leave to exceed the page limitations for a **third** summary judgment motion. EA's first motion was summarily denied by this Court without a written opinion. Its second motion is equally untenable, as are the multiple motions to strike that EA has filed along with it. If anyone is trying to "paper over" the other party with meritless arguments, it is EA. The motion to exceed page limitations should be denied.

## II. BACKGROUND

EA filed its **first summary judgment motion** (Dkt. 114) in May 2012, **seven months before the close of fact discovery**. Recognizing that the existence of numerous material issues of fact made summary judgment inappropriate, this Court summary denied the motion. *See* Dkt. 155.

EA then filed a **second motion for summary judgment** (Dkt. 194) in October 2012, **more than two months before the close of fact discovery**. Although the motion implicates several issues on which expert evidence is needed, EA filed it before any expert reports had been exchanged and before any expert depositions had been conducted. EA also served on Plaintiff, but never filed with the Court, a motion for Rule 11 sanctions. *See* 1/24/12 Declaration of Jennifer L. Murray ("Murray Decl.") ¶ 2. In fact, throughout this litigation, EA has constantly threatened Rule 11 sanctions on ever shifting grounds and yet, by never filing such a motion, implicitly acknowledges that it has no basis whatsoever for doing so.[1]

In December 2012, EA **moved to strike** (Dkt. 235) three paragraphs of the attorney declaration Plaintiff submitted in connection with his opposition to EA's second summary judgment motion. After Plaintiff responded by explaining why the objectionable paragraphs were immaterial to the merits but nonetheless curing any supposed deficiencies, EA asked this Court to also strike part of Plaintiff's response. *See* Dkt. 255 at 3.

Also in December, EA **moved to strike** (Dkt. 240) rebuttal reports by Plaintiff's experts, Michael Barr and Garry Kitchen. Mr. Kitchen's rebuttal report includes important expert testimony

---

[1] Further background on EA's numerous Rule 11 threats is provided in Plaintiff's Opposition to Motion to Compel Second Deposition of Plaintiff, Dkt. 174, at 5-6.

concerning the definition of "same microprocessor family," which is a key issue in EA's second summary judgment motion and thus, has been submitted for this Court's consideration in connection therewith (*see* Dkts. 227, 263).[2]

All in all, EA has papered Plaintiff and this Court with **74 pages** of argument in support of its two premature and meritless summary judgment motions.

### III.  ARGUMENT

Having already had two bites at the apple, EA should not be allowed even more pages for its third attempt. Indeed, the Court may well wish to clarify that EA should only be permitted to file a single additional summary judgment motion.

Page limitations exist to conserve the limited resources of litigants and the courts, as well as to discourage the moving party from wasting space with meritless arguments. EA has already unnecessarily taxed the resources of Plaintiff and this Court with **74 pages** of premature and meritless argument. EA accuses Plaintiff of trying to "paper over" this case with "voluminous" arguments,[3] but clearly, it is EA that is attempting to do just that. Plaintiff simply wants his day in Court before a jury of his peers.

Nor will EA be prejudiced if its motion is not granted. As previously discussed, it has already had ample opportunity—and pages—to make its case. In particular, EA already moved to dismiss Plaintiff's "remaining contract and fraud allegations"[4] in its second summary judgment motion. When Plaintiff opposed the motion by pointing out the numerous material issues of fact in existence (Dkt. 224 at 23-25), EA ignored Plaintiff's arguments and responded by merely stating— incorrectly—that Plaintiff does not seek any damages for those breaches (Dkt. 232 at 14-15). Contrary to EA's claims, Plaintiff's amended contention interrogatory responses did not materially

---

[2] Plaintiff believes EA's motion to strike the Barr and Kitchen reports is meritless because the filing of the reports was "substantially justified" by EA's blatant disregard of the Case Management Schedule and, in any event, EA has suffered no prejudice. To the extent Judge Laporte disagrees, however, Plaintiff has filed a motion in the alternative to strike portions of the report of EA's expert, Robert Ziedman, on the basis that those portions exceed the scope of allowable rebuttal testimony under Federal Rule 26. *See* Dkt. 277.

[3] Motion to Exceed Page Limitations at 2.

[4] Motion to Exceed Page Limitations at 1.

1 change these allegations in any respect.[5] Moreover, even if the relevant contention interrogatory responses had been materially changed, Plaintiff specifically reserved the right to amend at the close of discovery. EA, however, decided to file its motion more than two months before that date. It must pay the price for choosing—for the second time—to file a dispositive motion prematurely.

Enough is enough. Although Plaintiff cannot prevent EA from filing for summary judgment a third time, he should not be required to respond to more than what is allowed under the rules and this Court's standing order. The motion should be denied.[6] EA should only be permitted to file a single additional summary judgment motion that adheres to this Court's page limits.

### IV.     CONCLUSION

EA's motion to exceed the page limitations on its third summary judgment motion should be denied.

DATED: January 24, 2013                                        HAGENS BERMAN SOBOL SHAPIRO LLP

By     /s/ Leonard W. Aragon
       LEONARD W. ARAGON (*Pro Hac Vice*)

Robert B. Carey (*Pro Hac Vice*)
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
       leonard@hbsslaw.com

Stuart M. Paynter (226147)
Jennifer L. Murray (*Pro Hac Vice*)
Sara Willingham (*Pro Hac Vice*)
THE PAYNTER LAW FIRM PLLC
1200 G Street N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
Email: stuart@smplegal.com
       jmurray@smplegal.com
       swillingham@paynterlawfirm.com

---

[5] The only addition Plaintiff made to the relevant amended contention interrogatory responses, served on December 14, 2012, was to incorporate his answers to previous interrogatory response nos. 23-25. Plaintiff's responses to interrogatory nos. 23-25 were served on November 6, 2012—a month before EA's second summary judgment reply brief was filed. Murray Decl. ¶ 3.

[6] If, however, the Court grants EA's motion, Plaintiff requests that he be allowed the same number of additional pages for his opposition.

3

| | |
|---|---|
| 1 | Shana E. Scarlett (217895) |
| | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 2 | 715 Hearst Avenue, Suite 202 |
| | Berkeley, California 94710 |
| 3 | Telephone: (510) 725-3000 |
| | Facsimile: (510) 725-3001 |
| 4 | Email: shanas@hbsslaw.com |

Steve W. Berman (*Pro Hac Vice pending*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Attorneys for Plaintiff Robin Antonick