Case3:11-cv-01543-CRB Document307 Filed02/07/13 Page1 of 3

KEKER & VAN NEST LLP
SUSAN J. HARRIMAN - #111703
sharriman@kvn.com
ERIC H. MACMICHAEL - # 231697
emacmichael@kvn.com
R. ADAM LAURIDSEN - #243780
alauridsen@kvn.com
TIA A. SHERRINGHAM - #258507
tsherringham@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188

Attorneys for Defendant
ELECTRONIC ARTS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN ANTONICK, an Illinois citizen,<br><br>   Plaintiff,<br><br>   v.<br><br>ELECTRONIC ARTS INC., a California corporation,<br><br>   Defendants. | Case No. 3:11-CV-01543-CRB (EDL)<br><br>**DEFENDANT'S OPPOSITION TO ADMINISTRATIVE MOTION TO STRIKE DOCKET NO. 300**<br><br>Date Filed: March 30, 2011<br><br>Trial Date: April 1, 2013 |

On February 1, 2013, Defendant Electronic Arts Inc. ("EA") moved, pursuant to Federal Rule of Evidence 702 and *Daubert*, to exclude certain testimony of Plaintiff Robin Antonick's expert Garry Kitchen. Dkt. 300. On February 5, 2013, Antonick moved to strike EA's motion on the basis that it should have been brought as a motion *in limine* and therefore violated the Court's Guidelines for Trial and Final Pretrial Conference ("Guidelines"). Dkt. 304. Because EA's motion to strike is a proper and timely *Daubert* motion that will determine the reliability of Antonick's video game expert, the Court should deny Antonick's frivolous motion.

As this Court observed, "[i]n *Daubert*, the Supreme Court held that federal judges perform a gatekeeping role, and to do so they must satisfy themselves that scientific evidence meets a certain standard of reliability before it is admitted." *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, 524 F. Supp. 2d 1166, 1184 (N.D. Cal. 2007) (CRB). The Court's gatekeeping role and *Daubert* inquiry are not limited to the eve of trial when motions *in limine* are brought to preclude specific evidence from being admitted at trial.

Although the Guidelines are silent as to when parties should file *Daubert* motions, this Court as well as other courts in this district hear *Daubert* motions **prior to** and apart from motions *in limine*. *See, e.g., In re Bextra*, 524 F. Supp. 2d at 1184 (N.D. Cal. 2007) (CRB) (deciding standalone *Daubert* motion months before deciding motions *in limine*); *Oracle America, Inc. v. Google Inc.*, No. C 10-03561 WHA, Dkt. No. 56 (N.D. Cal. Nov. 19, 2010) (Case Management Order, ¶9) ("Within fourteen calendar days of receipt of such damages reports, the opposing side must file any *Daubert* or other motion directed at the methodology, reliability or other defect, said motion to be heard on a normal 35-day track . . . One purpose of this timing is to give the party seeking damages a brief window in which to cure (if possible) any flaws in the study."); *Mformation Techs., Inc. v. Research in Motion Ltd.*, 2012 WL 2339762 (N.D. Cal. June 7, 2012) (denying motion *in limine* challenging expert opinions that relies on non-comparable licensing

1
DEFENDANT'S OPPOSITION TO ADMINISTRATIVE MOTION TO STRIKE DOCKET NO. 300
Case No. 3:11-CV-01543-CRB (EDL)
727396.02

agreements because "[t]o the extent that Plaintiff challenges the reliability of Davis' opinions, Plaintiff should have done so through a timely *Daubert* motion.").

In contrast, according to the Guidelines, motions *in limine* should "address a single topic, be separate, and contain no more than seven pages of briefing per side" and be subject to a truncated briefing schedule and filed a week before the pretrial conference.  Dkt. 15-1 at (1)(f).  The Guidelines' provision pertaining to motions *in limine* is inconsistent with the scope and purpose of *Daubert* motions, which "is to determine the reliability of a particular expert opinion through a preliminary assessment of the methodologies underlying the opinion."  *DSU Med. Corp. v. JMS Co., Ltd.*, 296 F. Supp. 2d 1140, 1147 (N.D. Cal. 2003).  Further, because EA's *Daubert* motion addresses six separate topics, it is not only logical but considerate of the Court's and opposing counsel's time to adopt a normal 35 day briefing schedule, with standard page limitations for non-summary judgment motions, thereby giving the parties an opportunity to fully brief the issues and the Court sufficient time before trial to rule.  For these reasons, EA brought its *Daubert* motion—the only *Daubert* motion it intends to bring— as soon as practicable and well in advance of the April 1, 2013 trial date.  An early ruling on EA's *Daubert* motion will allow both parties to plan more efficiently for trial.

For these reasons, the Court should deny Antonick's administrative motion to strike EA's *Daubert* Motion.

Dated:  February 7, 2013                                         KEKER & VAN NEST LLP

By:   */s/ Susan J. Harriman*
SUSAN J. HARRIMAN
ERIC H. MACMICHAEL
R. ADAM LAURIDSEN
TIA A. SHERRINGHAM

Attorneys for Defendant
ELECTRONIC ARTS INC.