IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBIN ANTONICK,

    Plaintiff,

v.

ELECTRONIC ARTS INC.,

    Defendant.

No. C-11-01543 CRB (EDL)

**ORDER DENYING MOTION FOR PROTECTIVE ORDER AND MOTION TO SEAL**

Pending before the Court are: (1) Defendant's Motion for Protective Order; and (2) Defendant's Administrative Motion to File Under Seal Exhibit B to the Declaration of Tia A. Sherringham in Support of Defendant's Motion for Protective Order. (Dkt. 361, 360.) Because Defendant has not established good cause for the relief sought, the Court DENIES both motions.

**Background**

This is a breach of contract and fraud case involving the John Madden Football video game. On November 3, 2011, Defendant submitted a letter to the SEC in response to an SEC comment concerning Defendant's 10k filing. (Sherringham Decl. Ex. A.) Defendant requested that the SEC treat certain portions of that letter as confidential, and Plaintiff separately filed a letter with the FOIA Office regarding the confidentiality request. (Id.) Plaintiff redacted the confidential portions of the SEC letter from the letter it filed publicly. (Paynter Decl. ¶ 5.) The redactions relate to this litigation and litigation between Defendant and Activision. (Sherringham Decl. Ex. B.)

During discovery, Defendant produced the unredacted letter and designated it "confidential" under the protective order. Plaintiff objected to the designation. In response, Defendant argued that the designation was appropriate because Defendant had consistently treated the redacted information confidentially. After the parties were unable to resolve this issue informally, Plaintiff filed the pending

motion for a protective order. Defendant attached an unredacted version of the SEC letter as an exhibit and moved to seal the exhibit. Plaintiff opposes both the protective order and the motion to seal.[1]

**Discussion**

The standard for granting a protective order is found in Federal Rule of Civil Procedure 26(c). Upon a showing of good cause, a court may issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c). The parties agree that Rule 26(c)'s "good cause" standard also applies to the motion to seal. (Dkt. 399 at 2; Dkt. 414 at 1.) When the document to be sealed is attached to a non-dispositive motion, the moving party need only show "a particularized showing of 'good cause'" under Rule 26(c). In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig., 686 F.3d 1115, 1119 (9th Cir. 2012).[2] If such a showing is made, the party seeking disclosure must present compelling reasons why the document at issue should not be sealed. Id.

Defendant argues that there is good cause to maintain the confidentiality designation of the SEC letter and to file it under seal because Defendant has consistently treated the redacted material as confidential and has not disclosed it publicly. (Dkt. 361; 414.) Defendant also asserts that Plaintiff has not provided any reason for making the unredacted letter public. (Dkt. 414.) According to Defendant, Plaintiff concedes that the redacted information in the SEC letter is "stale and inaccurate." (Id.) Defendant further contends that Plaintiff is not prejudiced by the confidentiality designation because it has access to both redacted and unredacted versions of the letter.

Plaintiff argues that Defendant has not met its burden to demonstrate that the redacted information is "commercially sensitive." (Dkt. 399 at 3.) Plaintiff asserts that the letter discusses facts that were publicly available in 2011 and even if the redacted information was commercially sensitive then, it is not now. (Id. at 4.) Plaintiff further argues that the "the mere fact that information has not been publicly disclosed does not warrant sealing it." (Id. at 3.)

---

[1] Although Plaintiff does oppose provisionally sealing Exhibit B pending the resolution of the motion for a protective order, Plaintiff does oppose keeping Exhibit B under seal indefinitely.

[2] Here, the only documents that refer to the unredacted SEC letter are Defendant's motion for a protective order and Plaintiff's response to a motion in limine (Dkt. 376-1).

Defendant has not shown good cause for a protective order or an order sealing Exhibit B to the Sherringham Declaration. Defendant has not shown that the redacted information is protectable as a trade secret or other confidential research, development, or commercial information. Moreover, the redacted information about this case and the Activision litigation is so general that it does not implicate any confidential legal strategy. (Sherringham Decl. Ex. B.) There is nothing in the redacted portions of the SEC letter that one could not glean from the publicly available dockets. That Defendant has kept the redacted information confidential is not in and of itself sufficient to merit the protection Defendant seeks.

**Conclusion**

Defendant's motions for a protective order and to seal Exhibit B to the Sherringham Declaration are denied.

IT IS SO ORDERED.

Dated: June 10, 2013

ELIZABETH D. LAPORTE
United States Magistrate Judge