IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN ANTONICK,<br><br>    Plaintiff,<br><br>v.<br><br>ELECTRONIC ARTS INC,<br><br>    Defendant. | No. CV 11-01543 CRB<br><br>**PROPOSED JURY INSTRUCTIONS AND SPECIAL FORM OF VERDICT** |

On June 19, 2013, at 11:15 am, the Court will hear any arguments from the parties as to the following Proposed Jury Instructions and Special Form of Verdict.

Dated: June 18, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

Proposed Jury Instructions

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

The evidence you are to consider in deciding what the facts are consists of:
1. the sworn testimony of any witness;
2. the exhibits which are received into evidence; and
3. any facts to which the lawyers have agreed.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and instructed you to disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:
(1) the opportunity and ability of the witness to see or hear or know the things testified to;
(2) the witness's memory;
(3) the witness's manner while testifying;

3

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

The parties have agreed to certain facts that were read to you. You should treat these facts as having been proved.

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Trip Hawkins was taken on June 14, 2013. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

EA contends that Antonick's lawsuit was not filed within the time set by law. You must find whether Antonick has proven by a preponderance of the evidence that before November 30, 2005, he did not discover, and did not know of facts that would have caused a reasonable person to suspect, that EA had breached its contract with Antonick or made fraudulent statements. Antonick has the burden of establishing that it is more probably true than not that he did not discover, and did not know of facts that would have caused a reasonable person to suspect, that EA had breached its contract with Antonick or made fraudulent statements.

4

You should base your decision on all of the evidence, regardless of which party presented it.

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

If it becomes necessary during your deliberations to communicate with me, you may send a note through my courtroom clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that

you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

## Special Form of Verdict

We, the Jury, in the above entitled case, unanimously find the following:

Question 1:

Has Plaintiff Robin Antonick proven by a preponderance of the evidence that before November 30, 2005, he did not discover that EA had allegedly breached the 1986 Contract or made the allegedly fraudulent statements?

Yes _____        No _____

Question 2:

Has Plaintiff Robin Antonick proven by a preponderance of the evidence that before November 30, 2005, he did not know of facts that would have caused a reasonable person to suspect that EA had allegedly breached the 1986 Contract or made the allegedly fraudulent statements?

Yes _____        No _____

Dated: _____          _____
                                FOREPERSON