THE PAYNTER LAW FIRM PLLC
Stuart M. Paynter (226147)
Jennifer L. Murray (*Pro Hac Vice*)
Sara Willingham (*Pro Hac Vice*)
1200 G Street N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 626-4486
Facsimile: (866) 734-0622
Email: stuart@smplegal.com
       jmurray@smplegal.com
       swillingham@smplegal.com

HAGENS BERMAN SOBOL SHAPIRO LLP
Robert B. Carey (*Pro Hac Vice*)
Leonard W. Aragon (*Pro Hac Vice*)
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
       leonard@hbsslaw.com

Attorneys for Plaintiff Robin Antonick

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN ANTONICK, an Illinois Citizen, <br><br>                    Plaintiff, <br><br>        v. <br><br> ELECTRONIC ARTS INC., a California corporation, <br><br>                    Defendant. | Case No. 3:11-cv-01543-CRB <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ENTRY OF FINAL JUDGMENT AS TO HIS FRAUD CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)** <br><br> Date:        October 11, 2013 <br> Time:       10:00 a.m. <br> Judge:      Hon. Charles R. Breyer <br> Ctrm:       6, 17th Floor <br><br> Date Compl. Filed:  March 30, 2011 <br> Trial Date:             June 17, 2013 |

**NOTICE OF MOTION**

 **PLEASE TAKE NOTICE** that, on October 11, 2013 at 10:00 a.m., or on such other date and time to be set by the Court, at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 6, 17th floor, before the Honorable Charles R. Breyer, Plaintiff Robin Antonick will and hereby does move for entry of final judgment as to his fraud claim pursuant to Federal Rule of Civil Procedure 54(b). This motion is based on the following memorandum of points and authorities, the entire record in this matter and on any such evidence as may be presented at any hearing on this motion.

## I.     INTRODUCTION

Shortly before trial on Plaintiff's claims for breach of contract and fraud relating to pre-1996 *Madden* games, this Court held that Plaintiff had failed to state a claim for fraud as a matter of law. The Court's decision is "final" within the meaning of Federal Rule of Civil Procedure 54(b) and there is no "just reason for delay" in certifying the issue for appeal. First, Electronic Arts Inc. ("EA") has conceded that it told Antonick that the 1990 Sega *Madden* game and subsequent versions were being developed independently without reference to or use of his intellectual property. The Court's decision dismissing the fraud claim therefore raises the strictly legal question of whether these misrepresentations constitute conduct independent of EA's contractual breaches. As such, the fraud claim is severable from the legal and factual issues remaining in the case. Second, certification of the fraud claim for appeal will promote judicial economy because it will avert the delay and expense of a third trial should the Ninth Circuit disagree with this Court about whether Plaintiff has stated a claim for fraud independent of his contractual claim. Thus, the Court should enter final judgment as to the dismissal of Plaintiff's fraud claim and certify the issue for appeal pursuant to Rule 54(b).

## II.     BACKGROUND

Antonick alleges that EA and its agents committed fraud by (i) falsely assuring him that the 1990 Sega *Madden* game was being developed independently without any use of or reference to his work, and (ii) falsely promising him that it would continue to protect his intellectual property and not use it in subsequent games in order to induce him to sign the 1991 Nintendo Termination Amendment. In September 2011, this Court denied EA's motion to dismiss the fraud claim, holding that Richard Hilleman's August 28, 1990 assurances to Antonick that the Sega version was being developed independently "describes with particularity misconduct that is independent of Defendant's alleged breaches of the 1986 Contract." Dkt. 47 at 14. In April 2013, the Court denied EA's motion for summary judgment as to the fraud claim. Dkt. 352 at 2. However, in July 2013 prior to the commencement of phase two of the trial, the Court reversed course and held that Plaintiff had failed to state a claim for fraud. Dkt. 460 at 5. Thus, the sole claim tried during phase two was that EA breached its contract with Antonick by failing to pay him royalties on Derivative

2

1  Works. On July 23, 2013, Antonick won a jury verdict on his phase two breach of contract claim.
2  Dkt. 516. A third phase of the case relating to liability and damages for post-1996 games has yet to
3  begin.

### III. ARGUMENT

Under Federal Rule of Civil Procedure 54(b), when a civil action "presents more than one claim for relief [ ... ] or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Supreme Court has set out a two-part test to determine whether Rule 54(b) motions should be granted. First, the court must determine that a final judgment has been entered. *Curtiss–Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 8 (1980).[1] If the judgment is found to be final, the court must then determine if "there is any just reason for delay." *Id.* at 8–9. As discussed below, both elements are satisfied here.

### A. The Court's Dismissal Of Plaintiff's Fraud Claim Is A "Final Judgment."

For a decision to constitute a "final judgment" within the meaning of Rule 54(b), "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* at 7. Here, there can be no doubt that the Court's decision that Plaintiff had failed to state a claim for fraud is a "final judgment." The Court's dismissal of the fraud claim constitutes the "ultimate disposition" of a "cognizable claim for relief." In addition, because a third phase of the case concerning breach of contract for post-1996 games is still ahead, the decision as to the fraud claim was "entered in the course of a multiple claims action."

Nor does any interrelationship between Plaintiff's contract and fraud claims defeat Rule 54(b) certification. Because the fraud claim requires proof of different facts than the contract claim—i.e., scienter and reliance—this action involves "multiple claims" within the meaning of Rule 54(b). *See Purdy Mobile Homes, Inc. v. Champion Home Builders Co.*, 594 F.2d 1313, 1316 (9th Cir. 1979). The Ninth Circuit has routinely upheld the certification of claims for appeal

---

[1] Internal quotations and citations omitted unless otherwise specified.

1  "despite the presence of facts that overlap existing claims" where there are "important or
2  controlling legal issues" or the "legal issues now appealed will streamline the ensuing litigation."
3  *U.S. Fid. & Guar. Co. v. Lee Investments LLC*, 641 F.3d 1126, 1140 (9th Cir. 2011); *Noel v. Hall*,
4  568 F.3d 743, 747 (9th Cir. 2009); *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991). In
5  *Gregorian v. Izvestia,* the Ninth Circuit affirmed Rule 54(b) certification of a libel claim despite its
6  "interrelationship" with a separate claim because resolution of the libel claim involved a "strictly
7  legal issue regarding proper statutory construction ... of the FSIA." 871 F.2d 1515, 1519-20 (9th
8  Cir. 1989). Likewise here, appeal of the dismissal of Plaintiff's fraud claim involves a strictly legal
9  issue. EA has already conceded that it made the misrepresentations underlying the claim. *See*
10 6/17/2013 Hearing Tr., Harriman Opening at 166:16-18 (Harriman: "Mr. Antonick has embellished
11 some of what was said, but the gist of it, EA told him, we're not using any of your stuff that's a true
12 statement."). Thus, the only issue on appeal is the legal question of whether those
13 misrepresentations constitute conduct independent of the contractual breaches. As discussed more
14 fully in Part III.B *infra*, resolution of that question will streamline the litigation because it could
15 avert the delay and expense of a third trial.

16 **B.      There Is No Just Reason For Delay In Certifying The Fraud Claim For Appeal.**

17          "[I]n deciding whether there are no just reasons to delay the appeal of individual final
18 judgments . . . a district court must take into account judicial administrative interests as well as the
19 equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8. The interest in averting the delay and
20 expense of another trial is a factor commonly considered by courts when deciding whether to grant
21 Rule 54(b) certification. *See, e.g., DePuydt v. FMC Corp.*, 35 F.3d 570 (9th Cir. 1994) ("[I]f
22 DePuydt were permitted to appeal first and won, the delay and expense of holding two trials could
23 be averted."); *Purdy Mobile Homes, Inc.*, 594 F.2d at 1316-17 ("[I]f review of the federal claims
24 were delayed until after trial on the state claims, reversal on the federal claims likely would require
25 a second trial, consuming valuable judicial resources."). Here, a second trial on post-1996 games is
26 already in the pipeline. If the Court were to delay appeal of the fraud claim until final disposition of
27 Plaintiff's contract claim, the Court, the parties and the potential jurors would be subjected to the
28 time and expense of yet a third trial if the Ninth Circuit reverses.

Reversal of the Court's dismissal of the fraud claim is possible, if not likely, on the ground that EA's affirmative oral misrepresentations that it independently developed the Sega version and subsequent versions of *Madden* did not themselves violate the 1986 Contract, but were gratuitous statements designed to gain control over Plaintiff's intellectual property and thus constitute fraud. At least one other district court in this circuit has upheld the legal sufficiency of a fraud claim in virtually identical circumstances. *See Portney v. CIBA Vision Corp.*, 2008 WL 5505518, at *8 (C.D. Cal. Dec. 24, 2008) (allegations that defendant represented to plaintiff it "was not using the licensed technology or patent rights, that it was going in a different direction, [and] that it was committed to a different technology" state a claim for fraud separate from breach of a royalties contract).[2]

The Ninth Circuit is also highly likely to reverse the Court's decision on the ground that EA's fraudulently inducement of Antonick to sign the 1991 Nintendo Termination Amendment constitutes misconduct independent of the contract claim. "Courts have routinely recognized the availability of both a fraud and a contract action is a case in which a party contends that it was fraudulently induced to enter into a contract." *Streamcast Networks, Inc. v. Ibis LLC*, 2006 WL 5720345, at *10 (C.D. Cal. May 2, 2006) (citing *Erlich v. Menezes*, 21 Cal.4th 543, 551-52 (Cal. 1999)). The Court's interpretation of the Nintendo Termination Amendment as limited to the single Nintendo platform commercially available in the United States at the time ignores that nothing in the Termination Amendment explicitly imposes such a limitation and, to the contrary, it explicitly terminated his royalty rights to any "Nintendo Entertainment System," *and* any "Derivative Work" thereof. Trial Ex. 333, Termination Amendment ¶ 5. Thus, the parties clearly believed it terminated more than simply royalties for the then existing Nintendo platform, which was essentially obsolete by 1991. *See* Trial Tr. at 243:17-24; 269:22-570:7.

---

[2] To the extent that damages for his contract and fraud claims overlap, Plaintiff is not required to elect between remedies prior to satisfaction of judgment. *Denevi v. LGCC*, 121 Cal. App. 4th 1211, 1221 (Cal. Ct. App. 2004); *see also e.g., Acadia, California, Ltd. v. Herbert*, 54 Cal. 2d 328, 336-337 (Cal. 1960) (the jury was properly instructed to consider both contract and tort theories even though based on the same damages).

1   Given the possibility of reversal of the Court's dismissal of Plaintiff's fraud claim, judicial

2   administrative interests strongly favor resolution of Plaintiff's fraud claim on appeal now so that

3   the delay and expense of a third trial is averted. The Court should therefore hold that there is "no

4   just reason for delay" and certify the issue for appeal pursuant to Rule 54(b).

## IV.   CONCLUSION

6   For the foregoing reasons, Plaintiff respectfully requests that the Court enter final judgment

7   as to the dismissal of his fraud claim pursuant to Federal Rule 54(b).

9   DATED: August 23, 2013                                   HAGENS BERMAN SOBOL SHAPIRO LLP

11                                                           By    /s/ Leonard W. Aragon
                                                                 LEONARD W. ARAGON (*Pro Hac Vice*)

12                                                           Robert B. Carey (*Pro Hac Vice*)
                                                             11 West Jefferson Street, Suite 1000
13                                                           Phoenix, Arizona 85003
                                                             Email: rob@hbsslaw.com
14                                                                  leonard@hbsslaw.com

15                                                           Stuart M. Paynter (226147)
                                                             Jennifer L. Murray (*Pro Hac Vice*)
16                                                           Sara Willingham (*Pro Hac Vice*)
                                                             The Paynter Law Firm PLLC
17                                                           1200 G Street N.W., Suite 800
                                                             Washington, D.C. 20005
18                                                           Email: stuart@smplegal.com
                                                                    jmurray@smplegal.com
19                                                                  swillingham@smplegal.com

20                                                           Shana E. Scarlett (217895)
                                                             HAGENS BERMAN SOBOL SHAPIRO LLP
21                                                           715 Hearst Avenue, Suite 202
                                                             Berkeley, California 94710
22                                                           Telephone: (510) 725-3000
                                                             Facsimile: (510) 725-3001
23                                                           Email: shanas@hbsslaw.com

24                                                           Steve W. Berman (*Pro Hac Vice pending*)
                                                             HAGENS BERMAN SOBOL SHAPIRO LLP
25                                                           1918 Eighth Avenue, Suite 3300
                                                             Seattle, Washington 98101
26                                                           Telephone: (206) 623-7292
                                                             Facsimile: (206) 623-0594
27                                                           Email: steve@hbsslaw.com

28                                                           Attorneys for Plaintiff Robin Antonick