IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN ANTONICK,<br><br>    Plaintiff,<br><br>v.<br><br>ELECTRONIC ARTS INC,<br><br>    Defendant._____/ | No. C -11-01543(EDL)<br><br>**ORDER VACATING HEARING AND REPORT AND RECOMMENDATION RE: REASONABLE EXPENSES AND ATTORNEYS' FEES FOR PLAINTIFF'S SECOND DEPOSITION** |

Plaintiff seeks to deduct $28,436.45 from the $54,391.62 in costs taxed by the Clerk against Plaintiff. The Court vacates the hearing set for May 27, 2014, and for the reasons set forth below, recommends deducting **$16,692.35** as attorneys' fees and expenses reasonably incurred as a result of Plaintiff's second deposition.

**I.    Background**

This case involves a dispute over the John Madden Football video game. In 2011, Plaintiff brought suit against Defendant for breach of contract. Defendant took Plaintiff's deposition. In August 2012, Defendant produced 416 new documents comprising 4,150 pages. (Willingham Decl. ¶ 2.) Defendant then moved to compel a second deposition of Plaintiff because: (1) it had recently located and produced documents that directly contradicted Plaintiff's prior testimony; and (2) Plaintiff provided "lengthy and garbled answers throughout his April 2012 deposition." (Dkt. 167.)

On September 11, 2012, this Court granted Defendant's motion to compel but limited the deposition to two hours and the topics to the subject matter of the newly produced documents, and required Defendants to pay "the reasonable expenses arising from the deposition" and "the reasonable attorney's fees for the reasonable time expended in preparing [Plaintiff] for, and defending him at, the deposition." (Dkt. 179; 182.) On October 2, 2012, Defendant deposed

Plaintiff and asked him about seventeen of the newly produced documents. (Willingham Decl. ¶ 4.)

In January 2014, the District Judge found that Defendant was entitled to judgment as a matter of law. (Dkt. 550 at 8-9; 551.) The Clerk taxed Plaintiff with $54,391.62 in Defendant's costs. (Dkt. 558.) On March 6, 2014, Plaintiff moved for judicial review of the Clerk's taxation of costs. (Dkt. 560.) Plaintiff requested that the Court either deny all costs or deduct from Defendant's costs $28,436.45 in costs and attorney's fees that Plaintiff claimed to have incurred as a result of his second deposition. The District Judge referred this matter to this Court and ordered the parties to submit written statements, which they did.

**II.   Discussion**

   A.   Threshold Issues

Defendant asserts that Plaintiff is not entitled to attorneys' fees and expenses related to his second deposition because: (1) Plaintiff did not request payment of such fees and expenses in a timely manner; and (2) Plaintiff's fee request is procedurally improper under Local Rule 54-5(b) because it is not accompanied by an appropriate declaration. However, the Court did not set a deadline for Plaintiff to request his fees and costs, and Defendant has not shown that it was prejudiced by Plaintiff's delay. Further, Plaintiff attached records sufficiently listing the timekeeper, a description of work performed, and the hourly time spent by the timekeeper for each day that relevant time was billed. The records indicate that Sara Willingham billed at $475.00 per hour and Stuart Paynter billed at $695.00 per hour. Although Plaintiff did not specify the hourly rates for Leonard Aragon and Robert Carey and paralegal Brian Miller, they are easily derived from the billing records as $400 per hour, $600 per hour, and $150 per hour, respectively. Plaintiff does not object to these rates as unreasonable.

   B.   Expenses Arising from Second Deposition

This Court ordered Defendant to pay the reasonable expenses arising from Plaintiff's second deposition. (Dkt. 182.) The only expenses listed in Plaintiff's counsel's declaration are Plaintiff's airfare for attending the deposition ($1,001.60), Plaintiff's hotel reimbursement for attending the deposition ($405.00), Plaintiff's attorney Leonard Aragon's round trip airfare for attending the deposition ($625.60), and a court reporter charge for a certified copy of the transcript of Plaintiff's

1 second deposition ($390.50.)  Although Defendant notes that Plaintiff "seeks to be reimbursed for
2 his attorneys' travel expenses and for time spent 'debriefing' him after his deposition," Defendant
3 does not explain specifically why Aragon's travel expenses are unreasonable other than arguing
4 conclusorily that Plaintiff's "request for fees is by no means 'reasonable' as contemplated by the
5 Court's Order."  (Def.'s Opp. at 2, Dkt. 570.)  These amounts are reasonable, and Plaintiff is entitled
6 to **$2,422.70** as reasonable expenses arising from Plaintiff's second deposition.

       C.    <u>Attorney's Fees Incurred Preparing Plaintiff for Second Deposition</u>

8 This Court ordered Defendant to pay the reasonable attorneys' fees for the reasonable time
9 expended in preparing Plaintiff for his deposition.  Plaintiff seeks to recover $10,877.50 billed by
10 Attorney Willingham, which comprises 13.4 hours spent on "new doc review and analysis," 1.50
11 hours spent on "review and comparison of new Madden transcript," 5.00 hours spent on a
12 combination of reviewing the Madden transcript and drafting a deposition preparation memo, and
13 3.00 hours spent on a combination of the deposition preparation memo and document analysis.

14 Defendant argues that the time Willingham spent reviewing all 416 document is not justified
15 because in its motion to compel a second deposition, Defendant "repeatedly emphasized its need to
16 question [Plaintiff] about a few key documents, namely, Amendment 1" to the contract.  (Def.'s
17 Opp. at 2 n.1.)  Plaintiff counters that Willingham's document review was necessary to prepare
18 Plaintiff for his deposition because Defendant identified three documents as examples only of key
19 documents, and the Court allowed Defendant to depose Plaintiff about the newly produced
20 documents without limitation as to particular documents.

21 Plaintiff is not entitled to recover for the 13.4 hours Willingham spent reviewing documents
22 because such review does not constitute preparing Plaintiff for his second deposition, and the
23 document review served a dual purpose.  The newly produced documents had been in storage since
24 1994 and included documents that allegedly directly contradicted Plaintiff's testimony at his first
25 deposition.  (Dkt. 167 at 2-3.)  Defendant informed Plaintiff that these documents were case
26 dispositive.  (Harriman Decl. ¶¶ 4-5, Dkt. 168.)  Plaintiff would have needed to review these
27 documents even if the Court had denied Defendant's request for a second deposition.  The time
28 Willingham spent drafting a deposition preparation memo is time reasonably expended, as is the

3

1  time she spent reviewing a prior deposition transcript.  The Court allows Plaintiff to recover half the
2  time spent on September 26, 2012, because Willingham's time entry combined time spent drafting
3  the memo with time spent on unreimbursable document analysis.  The Court thus finds that Plaintiff
4  is entitled to recover for 8.00 hours at Willingham's rate of $475 per hour.

5  In addition to Willingham, Leonard Aragon, the attorney who defended Plaintiff's second
6  deposition, Robert Carey, lead counsel, and paralegal Brian Miller, billed for deposition preparation
7  work.  Between September 12, 2012 and October 2, 2012 (the day of the second deposition), Aragon
8  spent 16.8 hours preparing for the second deposition; Carey spent 3.8 hours; and Miller spent 2.2
9  hours. Stuart Paynter billed 3.75 hours on "client deposition prep" and debriefing Plaintiff after his
10 deposition.  Similarly, Aragon billed 5.0 hours for time he spent on October 2 and 3, 2012,
11 "debriefing" Plaintiff and co-counsel Paynter about the deposition, reviewing his notes and exhibits
12 from the deposition.

13 These attorneys' fees are problematic because they include time beyond that ordered by the
14 Court for preparing Plaintiff for his deposition.  The Court disallows time spent on internal
15 communications about the deposition as opposed to actual deposition preparation, time spent
16 reviewing Court orders about the second deposition, and time spent after the deposition (except for
17 necessary travel time).  Consequently, Plaintiff cannot reasonably recover for the time these
18 attorneys billed on September 12, 13, 14, and 18, 2014, and October 2 and 3, 2014 (after the
19 deposition, except for necessary travel time).  Plaintiff's fees for 14.1 hours by Aragon at $400 per
20 hour, 2.0 hours by Carey at $600 per hour, and 2.2 hours by Miller at $150 per hour are reasonable.
21 As Paynter did not separate the time he spent preparing Plaintiff for the deposition from the time he
22 spent debriefing Plaintiff after the deposition, the Court allows only half the time sought, or 1.87
23 hours at $695 per hour.  In sum, Plaintiff's reasonable attorneys' fees Plaintiff incurred in preparing
24 for the second deposition totals **$12,269.65**.

25       D.      <u>Attorneys' Fees Incurred Defending Plaintiff at Second Deposition</u>

26 The Court also ordered Defendant to pay the reasonable attorney's fees for the reasonable
27 time expended in defending Plaintiff at his deposition.  The Court limited Plaintiff's second
28 deposition to a maximum of two hours, and there is no dispute that Defendant used the entire time.

4

Aragon billed 3.0 hours for time spent traveling to and from the deposition within San Francisco and defending Plaintiff's deposition on October 2, 2012. Aragon also billed 4.00 hours for both compensable time traveling from San Francisco to Phoenix after the deposition and uncompensable time debriefing Plaintiff and reviewing notes after the deposition. Plaintiff may recover two hours for travel. Plaintiff thus incurred reasonable attorneys fees for 5.0 hours at $400 per hour, or **$2,000.00**.

### III. Conclusion

The Court recommends deducting **$16,692.35** from the costs taxed by the Clerk. Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: May 23, 2014

ELIZABETH D. LAPORTE
United States Magistrate Judge