IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN ANTONICK,<br><br>   Plaintiff,<br><br>v.<br><br>ELECTRONIC ARTS INC,<br><br>   Defendant.<br>_____/ | No. C 11-01543 CRB<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING IN PART MOTION FOR JUDICIAL REVIEW OF CLERK'S TAXATION OF COSTS OR IN THE ALTERNATIVE MOTION TO DEDUCT ATTORNEY'S FEES AND EXPENSES OWED TO PLAINTIFF** |

   Plaintiff's Motion for Judicial Review of Clerk's Taxation of Costs or in the Alternative Motion to Deduct Attorney's Fees and Expenses Owed to Plaintiff asks the Court to deduct the $28,436.45 that Plaintiff allegedly incurred in connection with his second deposition from the $54,391.62 in costs taxed by the clerk. See generally Mot. (dkt. 560). Plaintiff's request is based on Judge Laporte's order granting Defendant's motion to compel the deposition, which required Defendant "to pay the reasonable expenses arising from the deposition" and "to pay the reasonable attorney's fees for the reasonable time expended in preparing [Plaintiff] for, and defending him at, the deposition." See Order Compelling Deposition (dkt. 182) at 1. Defendant objects that the request is, among other things, unreasonable. Opp'n to Mot. (dkt. 562) at 4.

The Court referred this matter to Judge Laporte to determine what reasonable expenses and fees were in connection with Plaintiff's second deposition. See Order Referring Matter (dkt. 566). Judge Laporte recently issued an Order and Report and Recommendation, in which she recommended deducting $16,692.35 from the costs taxed by the Clerk. See Report and Recommendation (dkt. 573). The time has now passed for any party to serve objections to the Recommendation, and no objections have been filed. See Civil Local Rule 72-3. The Court finds Judge Laporte's Recommendation to be thorough, well-reasoned, and correct, and ADOPTS it in all respects. The Court further holds that Defendant EA was the prevailing party in this case, and that Plaintiff Antonick has not shown why costs should not be awarded. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party"); Quan v. Computer Scis. Corp., 623 F.3d 870, 888 (9th Cir. 2010) (burden is on losing party to "'show why costs should not be awarded'").

Accordingly, the Court GRANTS IN PART Plaintiff's Motion, deducting $16,692.35 from the $54,391.62 in costs taxed by the Clerk, resulting in costs of $37,699.27.

**IT IS SO ORDERED.**

Dated: June 12, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE